IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN ALLEN BIELSKI, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 11-1033 |
| ) | Magistrate Judge Maureen P. Kelly |
| PRESTON T. YOUNKINS, ESQ.; ) | |
| DEBRA YOST, ESQ., ) | |
| Defendants. ) | |

**OPINION and ORDER**

Plaintiff Nathan Allen Bielski ("Plaintiff") is an inmate confined to the Armstrong County Jail. Plaintiff has filed this action against Defendants Preston T. Younkins, Esq. and Debra Yost, Esq., alleging the violation of his rights under the Sixth Amendment of the Constitution of the United States. [ECF No.1-1]. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on November 29, 2011 [ECF No. 8].

The Court takes judicial notice of the fact that on September 8, 2009, Plaintiff entered a guilty plea to a violation of 18 Pa.C.S. § 2709.1, Stalking – Repeatedly Commit Acts to Cause Fear, a Grade F3 Felony, and is currently serving a sentence of a term of 159 Days to 1 Year, 11 Months and 29 Days.[1]

For the reasons set forth herein, Plaintiff's Complaint fails to state any facts in support of his claim and, as such, he has failed to state a claim on which relief can be granted. In a subsequent filing captioned "Motion for Judgment as a Matter of Law," Plaintiff has characterized his claim as one for "legal malpractice" and has asserted that his "6th Amendment

---
[1] See, http://ujsportal.pacourts.us/DocketSheets/CourtSummaryReport.aspx?matterID=201009173

1

constitutional right to assistance of counsel for his defence (sic)" was violated by the named Defendant public defenders, who represented Plaintiff at trial.

**A. APPLICABLE LEGAL STANDARD**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of often frivolous and harassing lawsuits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding *in forma pauperis* ("IFP"). The amended statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In the case at issue, Plaintiff has been granted IFP status, and is a prisoner within the meaning of 28 U.S.C. § 1915.[2] Thus, Section 1915(e)(2) is applicable. In applying the PLRA, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n. 2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating *sua sponte* dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only

---

[2] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing the Court's mandated function of review of complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court must apply the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1997) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In compliance with the standard, dismissal is appropriate if, reading the Complaint in the light most favorable to the Plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

B.  DISCUSSION

    **1. Defense Counsel Do Not Act Under Color of Law**.

Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983, however, because he is apparently seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the Complaint requires the Court to construe his Complaint as one invoking the Court's jurisdiction pursuant to 42 U.S.C. § 1983.  See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983.");  Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir. 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on Constitution is not available), overruling on other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).

In order to establish a Section 1983 cause of action, a plaintiff must allege: 1) that there was a person acting under color of state law; 2) whose actions under color of state law caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42 (1988).

Even reading Plaintiff's Complaint liberally, the Complaint fails to state a claim against either Attorney Younkins or Attorney Yost,[3] because an attorney's acts in the course of

---

[3] **Error! Main Document Only.**  The Court takes judicial notice of the fact that Attorney Preston T. Younkins and Attorney Debra L. Yost are employed by the Armstrong County Office of the Public Defender's Office.
See  http://www.padisciplinaryboard.org/pa_attorney_info.php?id=46151&pdcount=0

representing a defendant are not acts committed under color of state law as is required to state a claim under Section 1983.  See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980).

In Polk County, a convict sued his public-defender-appellate counsel who moved to withdraw as appellate counsel because the public defender concluded that an appeal would be frivolous.  The convict sued the public defender under Section 1983, claiming that her actions in moving to withdraw violated his right to counsel and, in failing to zealously advocate on his behalf, subjected him to cruel and unusual punishment and denied him due process of law.  Id. at 315.  Noting that to sustain a Section 1983 cause of action, it is necessary that the complaint reveal that the defendant acted under color of state law, the court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  Because it was based on such activities, the complaint against Shepard [the public defender] must be dismissed." Id. at 325.

Likewise here, the Complaint reveals liability premised only upon Defendants Younkin's and/or Yost's actions or inactions in connection with performing a lawyer's traditional functions as counsel to a defendant facing felony stalking charges.  Reading the Complaint liberally, it appears that Plaintiff complains of alleged malpractice in the course of Defendants acting as Plaintiff's attorneys.  Nevertheless, both a defense attorney's actions and failures to act in the course of representing a criminal defendant fall within Polk County's ambit of "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and thus are not accomplished "under color of state law."  See, e.g., Smith v. Haith, 978 F.2d 1261 (Table), 1992 WL 311787, at *5 (7th Cir. 1992)("This principle [i.e., public defenders are not state actors]

---

(Site last visited 11/29/11).

was applied in *Cornes v. Munoz*, 724 F.2d 61 (7th Cir. 1983), where a claim that a public defender was guilty of legal malpractice because of the failure to include certain claims on appeal was dismissed for failure to allege action 'under color of state law.'"). Indeed, even accusations of malfeasance[2] in the course of representing a criminal defendant, are not enough to render the actions of a criminal defendant's attorney cognizable in a Section 1983 suit. See e.g., Ponchik v. Kloak, No. 89 C 7319, 1989 WL 134683, at *1 (N.D. Ill. Oct. 19, 1989) ("Consequently [plaintiff-] Ponchik's allegations of malfeasance on [Attorney] Kloak's part do not give rise to a claim cognizable under this Court's federal-question jurisdiction."). Because the complaint fails to allege a cause of action under Section 1983 against either Defendant, the complaint should be dismissed.

2. The **Heck doctrine bars Plaintiff's action.**

Plaintiff is essentially alleging that his attorneys rendered constitutionally ineffective assistance of counsel which resulted in Plaintiff entering a plea of guilty to felony stalking. If Plaintiff were successful on his claims in the complaint, such claims would necessarily call his conviction and/or sentence into question. The rule announced in Heck v. Humphrey, 512 U.S. 477 (1994), which prevents an indirect attack on the validity of a conviction via a civil rights suit, bars this suit until and unless Plaintiff's conviction and/or sentence are otherwise called into doubt.

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's

---

[2] Malfeasance is defined as "Evil doing, ill conduct. The commission of some act which is positively unlawful; the doing of an act which is wholly wrongful and unlawful. . . ." Black's Law Dictionary 862 (5th ed. 1979).

arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The United States Supreme Court rebuffed such an effort:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).

Because success in establishing that Defendants rendered constitutionally ineffective assistance of counsel would necessarily render Plaintiff's conviction and/or sentence for indirect criminal contempt invalid, the reasoning of Heck renders his claims non-cognizable in this civil rights action absent an invalidation of those convictions. See, e.g., Sarlund v. Anderson, 205 F.3d 973, 975 (7th Cir. 2000)("Many of the plaintiff's claims are barred by the *Heck* doctrine, because if sound they imply the invalidity of the plaintiff's conviction for contempt, *Heck v. Humphrey*, 512 U.S. 477 (1994)"); Stawarz v. Rojas, NO. CIV.A.07-165, 2007 WL 1653742, at *4 (W.D.Pa., June 6, 2007)("If Plaintiff were successful in his claims in the complaint that during the course of Plaintiff's criminal proceedings the Defendants failed to communicate with him at all and/or had a conflict of interest, then these claims would necessarily call Plaintiff's conviction into question.").

Hence, Plaintiff does not have a cause of action until and unless his conviction is called into question via some sort of independent legal judicial or executive proceeding.

Because Plaintiff has not alleged that his conviction and/or sentence have been called into question as is his burden,[4] the Section 1983 federal claims against the Defendants must be dismissed for failure to state a claim upon which relief can be granted.  Although not necessary to the disposition, the Court notes that Plaintiff was at the time of initiating this suit still serving his sentence for the felony stalking conviction as stated in his Complaint, which indicates that Plaintiff's conviction and/or sentence have not yet been successfully called into question.

For each of the foregoing reasons, the Complaint is dismissed for failure to state a claim upon which relief can be granted. An appropriate Order follows:

## ORDER

AND NOW, this 30th day of November, 2011, IT IS HEREBY ORDERED that the Complaint is dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of

---

[4] See, e.g., Baskett v. Papini, 245 Fed.Appx. 677, 678 (9th Cir. 2007)("The district court properly dismissed Baskett's section 1983 action as Heck -barred because his allegations necessarily call into question the validity of the probation revocation, and Baskett failed to **alleg**e that his sentence has been invalidated.")(emphasis added); Mitschell v. Donald, 213 Fed.Appx. 920, 922 (11th Cir. 2007)(affirming the district court's dismissal for failure to state a claim under Heck, where "[t]he district court concluded that, under *Heck*, Mitschell was not entitled to money damages because he failed to allege any facts showing that his imprisonment sentence was successfully vacated."); Clay v. Brown, 151 F.3d 1032 (Table), 1998 WL 516794, at *2 (7th Cir. 1998)(court affirmed dismissal for failure to state a claim under Heck, "[b]ecause Clay does not allege that his conviction has been reversed or otherwise called into question as articulated by *Heck*, he may not seek damages for any violation of his right against self-incrimination."). See also  Avery v. Nicol, 208 F.3d 212 (Table), 2000 WL 282903, *2 (6th Cir.  2000)("The plaintiff bears the burden of showing that his claims are not barred by *Heck*.").

Appellate Procedure, if the plaintiff desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Fed. R. App. P. 3.

BY ORDER OF THE COURT,

/s/   Maureen P. Kelly
United States Magistrate Judge

cc: Nathan Allen Bielski
MGP-2-15
Armstrong County Jail
171 Staleys Courts Road
Kittanning, PA 16201-3709